# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL WEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV2040 CDP |
| | ) | |
| JOHN BANAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff has filed this action to prevent Missouri state actors from prosecuting him on a stalking charge. Plaintiff has filed several cases in this Court, both pro se and in forma pauperis, that have been identified as both frivolous and malicious. The Court will dismiss the instant complaint as malicious because it has been filed for an improper purpose. 28 U.S.C. § 1915(e).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if it appears that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not

plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

A Court may determine that an action or allegation is malicious by referring to objective factors such as the circumstances and history surrounding the filing, the tone of the allegations, and whether probative facts vital to the life of the lawsuit have been alleged. Spencer v. Rhodes, 656 F. Supp. 458, 463 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Id. at 461-63. When determining whether an action is malicious, the Court need not look only to the complaint before it but may also look to plaintiff's prior litigious conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are John Banas (Prosecuting Attorney, St. Charles County), Jeremiah Nixon (Attorney

General, Missouri), and Tim Swope (Sheriff, St. Charles County).

Plaintiff alleges that he is being prosecuted under Mo. Rev. Stat. § 565.225 for alleged stalking. Plaintiff claims that the alleged act he committed giving rise to the prosecution was that he sent a birthday card to a female. Plaintiff alleges that defendants are enforcing § 565.225 in an unconstitutionally overbroad manner. Plaintiff seeks an order declaring § 565.225 to be unconstitutional, an order prohibiting defendants from having any contact with him, an injunction enjoining the State of Missouri from enforcing § 565.225, and whatever costs and fees plaintiff may expend in this litigation.

## Discussion

This Court discussed plaintiff's history of abusive litigation in West v. Cundiff, 4:07CV1555 CDP (E.D. Mo. 2007). The Court finds it unnecessary to repeat the recital here. The Court notes, however, that plaintiff is frequently prosecuted for crimes such as stalking in several Missouri counties and plaintiff has brought several frivolous and malicious lawsuits in an attempt to prevent state actors from enforcing the laws of Missouri against him.

This case is another attempt by plaintiff to use this Court to interfere with a state prosecution against him. As such, the case has been filed for an improper purpose and shall be dismissed as malicious. 28 U.S.C. § 1915(e).

Even if this action were not malicious, the Court would abstain from hearing it. Before exercising its equitable power to enjoin [a] state [criminal] proceeding, the District Court must find the plaintiff threatened with great and immediate irreparable injury that cannot be eliminated by his defense to the state proceeding." Goodrich v. Supreme Court of State of S.D., 511 F.2d 316, 317 (8th Cir. 1975) (citing Younger v. Harris, 401 U.S. 37, 46 (1971). Additionally, a district court may only enjoin state criminal proceedings in "exceptional cases." Id. This case is not exceptional. As a result, Younger abstention dictates that this action be dismissed.

Finally, the Court notes that it "is vested with discretion to impose sanctions upon a party under its inherent disciplinary power." Bass v. General Motors Corp., 150 F.3d 842, 851 (8th Cir. 1998). "[J]udicial resources are limited in the short run and need to be protected from wasteful consumption. Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims." Tyler, 839 F.2d at 1292 (citations omitted). "The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. These restrictions may be directed to provide limitations or conditions on the filing of future suits." Id. (citations omitted). As a result, the Court notes that it will not tolerate plaintiff's abuse of the judicial

process indefinitely. If plaintiff continues to file malicious lawsuits, the Court may put restrictions on his future filings.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED**, with prejudice, as malicious under 28 U.S.C. § 1915(e).

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 2nd day of January, 2008.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE